GREew, J.
delivered the opinion of the court.
This is an action of assumpsit, brought by Wiley against Todd, in the Lincoln circuit court. At the June term of the court, 1842, the cause was tried, and the plaintiff obtained a verdict for five hundred dollars. The defendant moved for and obtained a new trial, to granting which the plaintiff excepted and filed his bill of exceptions.
At the October term, 1842, the cause was called for trial, on Tuesday morning of the first week of the court, and the defendant filed his affidavit for a continuance on account of the absence of Margaret Todd a witness. The affidavit disclosed in substance, that the witness would prove material facts in the defence; that the plaintiff’ could prove said facts by no other witness; that the witness was old and infirm and could not attend court; that affiant understood that the plaintiff had appealed'from the judgment of the court, granting a new trial at the preceding term, and did not believe the cause was situated so that it could be tried, until it was called, and, therefore, had taken no steps to have the witness’ testimony. The court being informed that the witness lived only four miles from the town where the court was sitting suggested that the trial of the cause might be postponed, for several days, that the deposition might be taken on giving one day’s notice, and a trial of the cause be had at that term; but the defendant refused to ac- *577 ceed to these suggestions, and insisted on a continuance, until’ the next term of the court, upon the affidavit filed. The court refused to continue the cause, which was tried, and the plaintiff obtained a verdict for $334 33 cents.
The defendant moved for a new trial, which was refused, to which, and to the refusal of the court to continue the cause, exception was taken and the defendant appealed to this court.
There is no error in this record. The only excuse offered in the affidavit, for not being prepared with the evidence, is, that the defendant supposed the plaintiff had appealed at the last term of the court, from the judgment awarding a new trial to the defendant.
If he acted under the influence of such a belief, he was guilty of gross negligence in failing to obtain correct information. Had he made inquiry of his counsel, he would have acquired the knowledge, that no appeal could be taken, until the cause was finally disposed of in the court below.' Besides, the witness lived only four miles from town, where the court was sitting; the case was called on Tuesday of the first week of the court, and an offer was made to postpone the trial for some days and to allow the deposition of the witness to be taken, on giving one day’s notice.
Grossly negligent as the defendant had been, the terms were liberal, and evinced an anxious wish on the part of the court to do every thing for the attainment of justice to the defendant, that could be done, consistently with the right of the plaintiff to have a trial at that term.
"We think the court did right in refusing the continuance. Applications for continuances, are addressed to the sound discretion of the circuit courts. The propriety of granting, or refusing a continuance, must depend upon a variety of circumstances, of which this court cannot so well judge, as can the court to whom the application is made, and this court would be slow to control the exercise of discretion of the court below, in such cases.
To induce this court to interfere, the facts should show a clear case of erroneous exercise of discretion. But in the present case, there is no error, and the judgment must be affirmed.